UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TINA CABISCA
Plaintiff
v

COMPLAINT
INDEX NO.

CITY OF ROCHESTER, NEW YORK,
DARYL HOGG, JASON PRINZI, NOLAN WENGERT
CARRIE BERKSTRESSER and K TURNER

Defendants

---

Plaintiff by her attorney, E. Robert Fussell, as and for her Complaint against the defendants herein alleges:

1. Plaintiff is a resident of the State of New York. Pursuant to 28 USC Sections 1331, 1343 and 1367 this court has jurisdiction over her 42 USC 1983 Cause of Action, and over all the other causes of action delineated in this Complaint as they derive from the same case or controversy and are supplemental to it.
2. Plaintiff is now staying at 8379 Wayne Center Road, Sodus New York 14551. But at all times mentioned herein plaintiff resided at the house she owns located at 207 Kingsboro Road, Rochester, New York 14619. After the events of 9-7-13, as described in this Complaint, City Police have, on multiple occasions, driven slowly past plaintiff's home on Kingsboro Road looking onto her property, both in front of her house, along Kingsboro Road, and behind her house, along the canal access Road. Due to the behavior of the defendants as described in this Complaint plaintiff no longer resides in the City of Rochester.
3. Upon information and belief, the individual defendants were, at all times hereinafter mentioned, residents, and/or employees, of the City of Rochester, County of Monroe, State of New York. The principal place of business in the City of Rochester, County of Monroe New York. The address of the Defendant City of Rochester, the employer of the individual defendants, is 30 Church Street Rochester, New York 14614. Defendant City of Rochester was at all times

hereinafter mentioned, a municipal corporation duly organized and existing under and pursuant to the laws of the State of New York, with offices for the conduct of its business located in the City of Rochester, County of Monroe, State of New York

4. On September 7, 2013 the defendant's police officer/ employees, defendants officers Daryl Hogg and Jason Prinzi, and investigator Nolan Wengert, while in the employ of, and performing work for, the defendant City, and while acting within the scope of their employment, intentionally and wantonly trespassed upon the plaintiff's home property, intentionally and maliciously battered, and, together with other employees of the defendant City, intentionally and maliciously falsely arrested, maliciously prosecuted, abused the legal process, violated the civil rights of, and otherwise committed torts against the plaintiff, including the shooting and killing of her dog. The defendant's employees had no legal right to commit any of these acts upon the plaintiff. The intentional nature of the acts of the individual defendants demands verdicts against them for punitive damages.
5. The defendants thereby intentionally and maliciously inflicted serious physical, psychic and emotional injuries upon the plaintiff, which included, but are not limited to, the humiliation of unjust criminal accusations, and the frustration of being forced to defend herself against these baseless charges.
6. Plaintiff has served a Notice of Claim upon the defendant, the City of Rochester for adjustment, which was received by the defendant on about 11-23-13, within 90 days after the claim arose.
7. More than thirty days have elapsed since service of the Notice of Claim and defendant City of Rochester has failed and refused to make any adjustment of the claim, causing plaintiff to commence this action by filing this Complaint and serving copies of it on defendants.
8. This action has been commenced within one year and ninety days after the cause of action accrued.
9. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

FIRST CAUSE OF ACTION

10. The plaintiff repeats all allegations made heretofore in this Complaint.

11. On September 7, 2013 at about 9:50 pm. the defendants, specifically the individual defendants, and the City, through the individual defendants, police officers Daryl Hogg and Jason Prinzi, and investigator Nolan Wengert intentionally trespassed upon the yard of the residence of the plaintiff located at 207 Kingsboro Road, Rochester, New York 14619. Investigator Wengert continued his trespass by coming up onto the porch of plaintiff's residence, and needlessly shot and killed her dog.

SECOND CAUSE OF ACTION

12. The plaintiff repeats all allegations made heretofore in this Complaint.

13. Defendant's police officer employees Daryl Hogg and Jason Prinzi, and investigator Nolan Wengert thereafter on 9-7-13 intentionally and maliciously battered the plaintiff by striking her body, forcibly handcuffing her hands behind her back, and forcibly pushing her off of her property and into a police vehicle. While plaintiff was on the ground plaintiff told the officers that she is asthmatic and to get off of her, as she could not breath. After she made that comment they pushed her harder. She stated, a second time, that she that she is asthmatic and couldn't breathe. They responded by continuing to push down upon her. She then told them, there were kids in her house. One of the uniformed officers responded saying, "Really. Those kids are going to CPS, and you're going to jail"

14. Then Wengert told the two plain clothes officers to get off plaintiff and let her get up off the ground. Plaintiff then ran into the house, checked on her grandchildren, then called her significant other, Lee Windsor, and told him to come home immediately. Plaintiff then went back outside and saw additional police cars on the street in front of her home. Plaintiff then realized that two of her next- door neighbors were in their yard. Plaintiff asked them to come to plaintiff's home, because she was afraid to be left alone with the officers, including the three individual defendants, and the officers who'd arrived in the additional police vehicles that had recently arrived.

15. The neighbors came onto plaintiff's yard. The two uniformed defendant officers then handcuffed plaintiff behind her back, lifted her off the ground, and carried plaintiff to a police car and forced her to get into the police car.

Plaintiff was further traumatized by the fact that her grandchildren were not being attended to, and she feared they might come outside and be traumatized by the scene of the bleeding/ dying dog and the other events taking place involving plaintiff.

After plaintiff was forced into the police car she experienced spasms, which increased her inability to breathe due to her asthmatic condition. By this time Lee Windsor had arrived at the home. Plaintiff asked him to go into her house to get her inhaler. At first the police wouldn't let, Lee Windsor, enter the house. Then the police allowed Mr. Windsor to enter the house, but only if escorted by a police officer.

16. Mr. Windsor retrieved the inhaler and brought it to the police car, but plaintiff was unable to use the inhaler because her hands were still cuffed behind her back. A female uniformed officer, who was in the police car with plaintiff, called the ambulance.

When the ambulance arrived its two attendants went to the police car.

At that point the female police officer refused to allow the plaintiff to leave the police car and refused to remove the handcuffs, preventing plaintiff from obtaining medical attention from the ambulance attendants. Approximately five minutes after the ambulance attendants arrived at the police car, the female officer allowed the plaintiff to leave the police car, and un-cuffed plaintiff.

17. Plaintiff was then transported to Highland hospital, where she received injections of tordol, an anti inflammatory, and valium, a muscle relaxant. The medications were provided because the plaintiff was unable to breathe due to the fact that (a) the muscles surrounding her airways in her lungs were constricted, and (b) the lining of her airways were inflamed, further constricting them, and thereby preventing air from entering her lungs. Also her back and neck muscles were constricted, further restricting her ability to breathe. (The trauma from the assaults on plaintiff initiated the spasms to her neck and back)

18. At Highland an x-ray of plaintiff's spine was taken demonstrating, on information and belief, that her back was deformed due to the muscle spasms in her

back. Plaintiff arrived at Highland at approximately 10:45 pm, and was kept at the hospital until about 4 am the next day. Plaintiff was especially distraught about the pain in her neck because plaintiff had suffered a previous neck injury and has spurs in her spinal column around the spine located in her neck, causing her to fear she would suffer serious permanent damage to the spinal column in her neck area as a result of her treatment by defendants.

19. Prior to 9-7-13 plaintiff was prescribed 60 mgs/day of Cymbalta, Due to the batteries descried in this Complaint she was prescribed 90 mgs/day of Cymbalta, and she continues on that prescription today. The extra 30 mgs are to treat the pain in plaintiff's back and neck resulting from the trauma of the batteries described in this Complaint administrated by defendants. Plaintiff's physician prescribed valium on the Monday after Saturday 9-7-13. Her initial prescription was for 5mg /day, but the amount was raised to 10 mg/day, several weeks later. Due to that pain, when she engages in a moderate amount of exercise, she can't sleep without a sleep aid or muscle relaxant. The permanent pain she endures encourages her to spend her winters in a location with a warmer climate, away from her family, who reside in the Rochester area.

THIRD CAUSE OF ACTION

20. The plaintiff repeats all allegations made heretofore in this Complaint.

21. The defendant's thereafter, on 9-7-13 intentionally and maliciously falsely arrested the plaintiff by falsely charging her with Harassment in the Second Degree, a violation of Penal Law § 240.26 (1) and Resisting Arrest, a Class A Misdemeanor in violation of Penal Law § 205.30. These charges were brought by the defendant City's officer, K Turner of section unit West ID # 2091. Plaintiff was also falsely charged with having three unleashed dogs in violation of Rochester Chapter 31 section 4 of the Rochester City Code and three dangerous dogs in violation of Rochester Chapter 31 section 7 (A) of the Rochester City Code. (Two citations were issued for each of plaintiff's three dogs) These six charges were commenced by Section RPDRAS ID # 2292, Animal Control Officer defendant Carrie Berkstresser.

22. The two Penal Law charges listed above, were dismissed on about 10-22-13, by City Court Judge Ellen Yacknin. A hearing took place on the six dog charges before City of Rochester Hearing Examiner David Harradine on 10-30-13, who found plaintiff guilty of two of the charges, but those convictions were thereafter dismissed by the City of Rochester, as noted in a letter dated 3-5-14 from Lorena Cutt of the City, after plaintiff brought an appeal.

FOURTH CAUSE OF ACTION

23. The plaintiff repeats all allegations made heretofore in this Complaint.

24. The defendant's employees thereafter intentionally and maliciously prosecuted plaintiff causing criminal informations to be filed against plaintiff and maliciously prosecuting plaintiff for the two Penal Law charges listed above, commencing on 9-7-13, until the charges were dismissed in about 10-22-13, by City Court Judge Ellen Yacknin. Also City of Rochester Animal Control Officer Carrie Berkstresser improperly issued six tickets to plaintiff for owning three unleashed and three dangerous dogs. (Two tickets per each dog). And, as stated above, while plaintiff was convicted of two of those six charges, those two convictions were thereafter dismissed after plaintiff brought an appeal.

FIFTH CAUSE OF ACTION

25. The plaintiff repeats all allegations made heretofore in this Complaint.

26. The defendants intentionally and maliciously abused the legal process by prosecuting the plaintiff for the improper purpose of attempting to hide, and justify, their improper treatment of plaintiff when they trespassed on plaintiff's home, and battered her, falsely arrested her, falsely imprisoned her, maliciously prosecuted her, killed her dog, and violated her civil rights for no legitimate law enforcement purposes. The defendant Investigator Nolan Wengert pursued the abuse of the legal process when he

testified falsely at a hearing on 10-3-13 before David Harradine, Hearing Officer, for the Municipal Code Violations Bureau, which false testimony resulted in plaintiff's improper convictions of violating two charges of "Dangerous Dog", one charge for each of her two Boxer dogs, in violation of Chapter 31, Section 7A of the Code of the City of Rochester. The false testimony included the Investigator's statement under oath that two boxer dogs charged him, resulting in his shooting (and killing) one of them. (This testimony is refuted by an autopsy of the dog which supports plaintiff's contention that the dog which was shot, was not charging the Investigator, but was instead standing at a right angle to him, as the autopsy revealed the dog was shot in its side, not in it's face or in the front of its body. Furthermore Wengert did not shoot at two of plaintiff's dogs.The dog that was shot was the only one of plaintiff's dogs that was in the vicinity of Wengert when he discharged his weapon.) Plaintiff's conviction of the dog violations resulted in the imposition of two fines, each in the amount of $200, for a total of $400. However, after appeal, those convictions were dismissed and plaintiff was not required to pay either of those fines.

SIXTH CAUSE OF ACTION

27. The plaintiff repeats all allegations made heretofore in this Complaint.

26. The shooting and killing of plaintiff's dog violates New York General Construction Law § 25-b. The dog's value was $ 800 immediately prior to its death. The defendant Wengert willfully and maliciously destroyed the dog by shooting it and whereupon Wengert, Hogg and Prinzi allowed it to bleed to death. The individual defendants are therefore subject to punitive, as well as compensatory damages for killing the dog.

Wengert shot the dog twice along its side, with a 45 caliber model 30SF semi automatic glock as the dog was facing the street, away from the officer. Furthermore the dog was not barking, growling or in any other manner demonstrating a threat to the officer. The three officers then let the dog lie bleeding on the driveway until it died. At the time of the shooting the plaintiff's two grandchildren (9 months and 4 years old) were

in the house, only a few feet away from the officer who shot the dog, when the gun was fired.

SEVENTH CAUSE OF ACTION

28. The plaintiff repeats all allegations made heretofore in this Complaint.

29.The defendants, at the times and places indicated, were acting under color of law of the State of New York and deprived plaintiff of the privileges and immunities guaranteed to every citizen of the United States by the United States Constitution including Amendment IV, Amendment V and Section 1 of Amendment 14, and by reason thereof this Court has jurisdiction over the plaintiff's claims for violation of her Federal Civil rights, pursuant to the provisions of 42 U.S.C. 1983.

EIGHTH CAUSE OF ACTION

30. The plaintiff repeats all allegations made heretofore in this Complaint.

31. On information and belief the defendant City of Rochester negligently failed to properly investigate the defendant officers involved in the mistreatment of the plaintiff as heretofore described in this Complaint before hiring them, negligently instructed, negligently trained and negligently supervised them resulting in the tortuous and other actionable behavior heretofore described in this Complaint.

WHEREFORE, plaintiff demands judgment against the defendants for all the physical, emotional and other damages she endured and will endure in the future, and for punitive damages against the individual defendants, and legal fees, together with the costs and disbursements of this action.

S/_________________________

E. ROBERT FUSSELL ESQ.
46 Wolcott Street, Suite One
Le Roy New York 14482

585 768 2240

gasholic@rochester.rr.com