UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TINA CABISCA

                Plaintiff,

-vs-

**ANSWER**

Civil Action No.
14-CV-6485

CITY OF ROCHESTER, NEW YORK
DARYL, HOGG, JAYSON PRINZI, NOLAN WENGERT,
CARRIE BERKSTRESSER, and
K. TURNER

                Defendants.
_____

Defendants, by its attorneys, T. Andrew Brown, Corporation Counsel and Spencer L. Ash, Esq., *of counsel*, answer plaintiff's Complaint as follows:

1. Denies each and every allegation set forth in the Complaint.

        AS AND FOR A FIRST AFFIRMATIVE DEFENSE,
                     DEFENDANTS STATE:

2. The individual defendants are entitled to immunity from continuation of this action upon the grounds that they acted in the good-faith belief that their actions constituted a reasonable exercise of their duties and did not breach or infringe upon the plaintiff's constitutional rights known by a reasonable person to exist at the time of the subject incident.

        AS AND FOR A SECOND AFFIRMATIVE DEFENSE,
                     DEFENDANTS STATE:

3. That the official actions of the defendants, jointly and severally, constituted

good faith exercise of discretion and judgment, for which the City of Rochester and its employees, agents or representatives are immune from common-law liability.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

4. That the City of Rochester is required to defend, indemnify and hold harmless its police officers when those police officers are sued for actions taken within the scope of their employment and, therefore, the City of Rochester is the real party in interest herein. ***However, the action against the City of Rochester has been dismissed and therefore, the claims against the named defendants should be dismissed.***

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

5. Insofar as the actions complained of arose during the arrest of the plaintiff by police officers acting in an official capacity, that such individuals acting in an official capacity cannot, as a matter of public policy, be held individually liable for prima facie tort even if charged with malicious intent.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

6. That the Complaint fails to allege that any of the defendants acted maliciously, wantonly or in a manner which manifested a gross deviation from the standard of conduct which a reasonable person would follow and, therefore, the Complaint has failed to allege facts upon which an award of punitive damages could be granted as a matter of law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

7. That punitive damages cannot be awarded against a municipality or any individuals whom a municipality is required to indemnify.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

8. That in the event the Complaint is interpreted to state a cause of action based upon a theory of negligent hiring, education, training and/or supervision, the Complaint fails to allege sufficient facts to support such allegations and should be dismissed.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

9. That the City of Rochester did not authorize, condone, permit or ratify any allegedly improper or malicious conduct on the part of any person or adopt any policy condoning such conduct.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

10. That all conduct by the City of Rochester, or by its officers, employees, agents or representatives, was justified under the circumstances herein; was privileged conduct in the performance of defendants' police function; was supported by probable cause and by statements of citizens upon whom the police were entitled to rely; was reasonably necessary to the performance of its duties and was in accordance with the requirements of law.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

11. The force allegedly used did not rise to the level of a constitutional violation.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

12. That the force, if any, used on the plaintiff was reasonable and necessary under the circumstances, and any injury or damages allegedly suffered by plaintiff was due to and caused by reason of plaintiff's improper acts and conduct.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

13. That, upon information and belief, at the time and place alleged in the Complaint, plaintiff was committing or attempting to commit a serious illegal act or acts.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE, DEFENDANTS STATE:

14. That any arrest or detention of the plaintiff was justified under the circumstances then existing; that any force used in affecting said arrest or detention was justified under the circumstances then existing; that all acts alleged to have been performed by the defendants were performed without any malice contributing thereto.

WHEREFORE, defendants demand judgment dismissing plaintiff's Amended Complaint, together with the costs and disbursements of this action.

DATED: September 29, 2014					T. Andrew Brown, Corporation Counsel

					By:	/s/Spencer L. Ash
						Spencer L. Ash, Esq., of Counsel
						*Attorneys for City Defendants*
						30 Church Street, Room 400A
						Rochester, NY   14614

(585) 428-6699
Campolj@cityofrochester.gov

To: E. ROBERT FUSSELL ESQ.
46 Wolcott Street, Suite One
LeRoy New York 14482