UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TINA CABISCA
                   Plaintiff

  v                                               PLAINTIFF'S 12-19-16
                                                    REPLY TO DEFENDANTS
                                                    4-4-15 RESPONSES TO
                                                    PLAINTIFF'S 3-3-15
                                                      INTERROGATORIES

                                                    14-cv-6485-EAW-JWF

CITY OF ROCHESTER, NEW YORK,
DARYL HOGG, JASON PRINZI, NOLAN WENGERT
CARRIE BERKSTRESSER and K TURNER

                   Defendants

_____

Set forth below are the Plaintiff's 3-3-15 Interrogatories in regular 12 point font, followed by the defendant's 4-14-15 response to the accompanying Interrogatories written in italics, followed by plaintiff's arguments/ objections to the responses, which are underlined:

1. As to City of Rochester employees Daryl Hogg, Jason Prinzi, Nolan Wengert, Carrie Berkstresser and K. Turner their full names, dates and places of birth, and height and weight.

Answer: *"Defendants object to this interrogatory as same relates to matters contained in Defendant's personnel files which are protected by NYS Public Officer's Law Section 87 (2) New York State Civil Rights Law Section 50-A."*

Arguments/Objections: POL 87 (2) is not applicable, as it is part of a chapter of the Public Officers Law that applies to FOIL requests. This is a lawsuit and therefore the FOIL law is not applicable under the circumstances herein. Furthermore CRL section 50-a protects only those "personnel records used to evaluate performance toward continued employment or promotion". The

1

<u>requested information does not comply with that definition of information and therefore plaintiff demands that it be produced within two weeks of the date of this document.</u>


2. As to City of Rochester employees Daryl Hogg, Jason Prinzi, Nolan Wengert, Carrie Berkstresser and K. Turner describe their education – their high schools, dates of graduation, all post high school education, naming each school, the dates attended, the degrees obtained, the majors (or courses of study taken), all classes in police science and police theory, and police procedure, and grades obtained in each such course.

Answer*: "Defendants object to this interrogatory as same relates to matters contained in Defendant's personnel files which are protected by NYS Public Officer's Law Section 87 (2) New York State Civil Rights Law Section 50-A."*

<u>Arguments/Objections: POL 87 (2) is not applicable, as it is part of a chapter of the Public Officers Law that applies to FOIL requests. This is a lawsuit and therefore the FOIL law is not applicable under the circumstances herein. Furthermore CRL section 50-a, protects only those "personnel records used to evaluate performance toward continued employment or promotion". While some of the requested information may comply with that definition Plaintiff is providing herewith a Confidentiality Agreement signed by plaintiff's counsel, that provides the protection defendants demand. Plaintiff demands that the documentation be produced within thirty day of the date of this document.</u>



3. As to City of Rochester employees Daryl Hogg, Jason Prinzi, Nolan Wengert, Carrie Berkstresser and K. Turner provide the names and addresses of each employer for whom each has worked, the dates of said employments, the names of each job title at each employer, and a statement of any and all disciplinary charges filed against each at each job.

Answer*: "Defendants object to this interrogatory as same relates to matters contained in Defendant's personnel files which are protected by NYS Public Officer's Law Section 87 (2) New York State Civil Rights Law Section 50-A."*


<u>Arguments/Objections: POL 87 (2) is not applicable, as it is part of a chapter of the Public Officers Law that applies to FOIL requests. This is a lawsuit and therefore the FOIL law is not applicable under the circumstances herein. Furthermore CRL section 50-a, protects only those "personnel records used to evaluate performance toward continued employment or promotion". While some of the requested information may comply with that definition Plaintiff is providing</u>

<u>herewith a Confidentiality Agreement signed by plaintiff's counsel, that provides the protection defendants demand. Plaintiff demands that the documentation be produced within thirty day of the date of this document.</u>

4. With respect to all employees of the City of Rochester who appeared at 207 Kingsboro Road, Rochester, NY 14619 on 9-7-13, describe all the actions of each, including, but not limited to, a listing of each officer who had any physical contact with Tina Cabisca, either directly or indirectly in any manner, the words spoken by each officer of the City of Rochester Police to the plaintiff, the name of the person who shot plaintiff's dog and his reasons for doing so.

*Answer, "All actions by responding officers are contained in the Police Reports included in Defendants' Responses to Plaintiff's Rule 34 Demands"*

<u>Argument/Objection: The police reports included in Defendants' Responses to Plaintiff's Rule 34 Demands *consists of 12 pages - more specifically an incident Report by Darryl Hogg (2 pages), one by Jon Rivers (4 pages), a repeat of the (2) page Hogg report, a (3) page document entitled 2013-1142 showing Hogg as primary officer and signed by Sgt. Rivers on 11-3-2013, and a (1) page prisoner data report addressing the plaintiff's arrest.*
       Plaintiff's request that defendants be precluded from producing any reports, information etc. not included in the 12 pages attached to Defendant's 4-14-15 response at trial or otherwise. Please note that defendants' response is dated 4-14-15, more than a year and a half ago, and certainly defendants have had an extremely excessive amount of time since 4-14-15 to have provided any other response to this Demand.</u>

5. Provide all records of any type –handwritten, typed, electronically recorded etc, of any and all statements made by Tina Cabisca relating to events taking place at 207 Kingsboro Road, Rochester, New York on 9-7-13, and any and all statements, or other utterances, made by any employees of the City of Rochester to, or in the presence of Tina Cabisca.

*Answer: "All relevant and discoverable records are contained in the Police Reports included in Defendants' Responses to Plaintiff's Rule 34 Demands."*

<u>Argument – Plaintiff's request that defendants be precluded from producing any statements, information etc. referred to in Demand 5 above not included in the 12 pages attached to Defendant's 4-14-15 response at trial or</u>

3

<u>otherwise. Please note that defendants' response is dated 4-14-15, more than a year and a half ago, and certainly defendants have had an extremely excessive amount of time since 4-14-15 to have provided any other response to this Demand.</u>

6. Provide each and every reason why each and every police officer, including, but not limited to: Daryl Hogg, Jason Prinzi, Nolan Wengert, Carrie Berkstresser and K. Turner, went to 207 Kingsboro Road on 9-7-13.

*Answer: "The nature of causes of Defendants' actions are contained in the above-referenced reports."*

<u>Argument – Plaintiff's request that defendants be precluded from producing any reasons why each and every police officer, including, but not limited to: Daryl Hogg, Jason Prinzi, Nolan Wengert, Carrie Berkstresser and K. Turner, went to 207 Kingsboro Road on 9-7-13 not included in the 12 pages attached to Defendant's 4-14-15 response at trial or otherwise. Please note that defendants' response is dated 4-14-15, more than a year and a half ago, and certainly defendants have had an extremely excessive amount of time since 4-14-15 to have provided any other response to this Demand.</u>

Dated: December 19, 2016

             E. Robert Fussell Esq.

             S/

             _____
             E. ROBERT FUSSELL
             Attorney for plaintiff
             46 Wolcott Street Suite One
             Le Roy, New York 14482
             585 768 2240
             gasholic@rochester.rr.com

To: Spencer Ash Esq.
  Attorney for Defendants
  30 Church Street, Room 400A
  Rochester, New York 14614

4

585 428 6758
AshS@cityofrochester.gov

5