UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TINA CABISCA
               Plaintiff,

                          MEMORANDUM OF LAW

      -vs-

                          Civil Action No. 14-CV-6485

CITY OF ROCHESTER, NEW YORK
DARYL, HOGG, JAYSON PRINZI, NOLAN WENGERT,
CARRIE BERKSTRESSER, and
K. TURNER

               Defendants.

---

      Defendants, City of Rochester and Rochester Police Department, ("Defendants"), by their attorneys Brian F. Curran, Corporation Counsel, Spencer L. Ash, Esq., *of Counsel*, respectfully submit this Memorandum of Law in Support of Defendants' Motion for Summary Judgment.

      On September 7, 2013 Officer Wengert detained a suspect who was in possession of two bicycles in the area of Kingsboro Road in the City of Rochester. The suspect was known to Investigator Wengert as a larceny suspect in an unrelated incident and had latex gloves and marijuana in his possession. The suspect alleged he took the discarded bikes from Plaintiff's curb and Investigator Wengert called additional Officers to Plaintiff's address to investigate the veracity of the suspect's claim. Investigator Wengert believed that Plaintiff had in fact been the victim of a burglary.

      As Investigator Wengert knocked on Plaintiff's front door to verify the suspect's allegations, Plaintiff exited her home through the side door with three unleashed dogs--despite noting the presence of police near her property prior to exiting. Two of the animals charged down the driveway at Officers and one of the dogs, a large Boxer, turned and ran up the front

porch stairway towards Investigator Wengert, who was forced to discharge his firearm, killing the dog. The Plaintiff subsequently became enraged and shoved a police officer resulting in her arrest for Harassment 2nd, a charge for which she received an adjournment in contemplation of dismissal.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In reaching this determination, the court must assess whether there are any disputed material facts and, in so doing, must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, (1986); *Coach Leatherware Co., Inc. v. AnnTaylor, Inc.*, 933 F.2d 162, 166-67 (2d Cir. 1991). A fact is "material" only if it has some effect on the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 248; *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir. 2000). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, after which the non-moving party must come forward with sufficient evidence to support a jury verdict in its favor; the motion will not be defeated based upon conjecture, surmise or the existence of "metaphysical doubt" concerning the facts. *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991). The party seeking to avoid summary judgment "must do more than make broad factual allegations and invoke the appropriate statute. The [party] must also show, by affidavits or as otherwise provided in Rule 56 . . . , that there are specific factual issues that can only be resolved at trial." *Colon v. Coughlin*, 58 F.3d 865, 872 (2d Cir. 1995); *see also Driscoll v. Townsend*, 60 F. Supp. 2d 78, 80 (W.D.N.Y. 1999).

**I.  THERE IS NO COMPETENT EVIDENCE OF FALSE ARREST AGAINST THE DEFENDANTS.**

*Arrest Claim:*

"A § 1983 claim for false arrest, resting on the Fourth Amendment right of an individual to be free from unreasonable seizures, including arrest without probable cause, is substantially the same as a claim for false arrest under New York law." *Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991); *Lennon v. Miller,* 66 F.3d 416, 423 (2d Cir. 1995). The existence of probable cause to arrest constitutes justification and "is a complete defense to an action for false arrest," whether that action is brought under state law or under § 1983. *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994). "There can be no federal civil rights claim for false arrest where the arresting officer had probable cause." S*inger v. Fulton County Sheriff*, 63 F.3d at 118.

Plaintiff shoved a police officer and was appropriately charged with harassment second. She in fact pled guilty to the offense and received an adjournment in contemplation of dismissal. Accordingly, the false arrest claim should be dismissed with prejudice.

## II.     PLAINTIFF HAS FAILED TO PRESENT ANY EVIDENCE OF MALICIOUS PROSECTUION.

In order to maintain a cause of action for malicious prosecution, the burden rests with plaintiff to overcome the presumption of probable cause. The presumption may be overcome "by presenting evidence of fraud, perjury or suppression of evidence by the police" *Harris v State of New York*, 302 AD2d 716, 717, [2003], quoting *Boomer v State of New York*, 288 AD2d 729, 731-732, 733 [2001]). Similarly, the presumption may be overcome by evidence that witnesses "have not made a complete and full statement of facts either to the Grand Jury or to the District Attorney". *Chetrick v Cohen*, 52 AD3d 449, [2008].

Plaintiff cannot demonstrate an absence of probable cause and has provided no evidence on this record that police falsified information to obtain a conviction or unlawfully withheld information. Therefore, Plaintiff cannot succeed as to malicious prosecution as a matter of law.

### III. **PLAINTIFF HAS FAILED TO ESTABLISH MUNICIPAL LIABILITY.**

It is well settled that a municipality will not be held liable for injuries inflicted solely by its employees and agents. *Monell v. Department of Soc. Services of the City of New York*, 436 U.S. 658, 694 (1978). A municipality is liable under 42 U.S.C.S. § 1983 only if its official policy or custom results in a deprivation of a federal right. *Marcel v. City of New York*, 1990 U.S. Dist. LEXIS 4094 at 20. Plaintiff has not outlined a policy or custom that resulted in his deprivation of rights. A single incident alleged in a complaint involving non-policy makers do not support a Monell claim. *Dwares v. City of New York*, 985 F. 2d 84 (2d. Cir/ 1993). Moreover, "It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). Plaintiff has alleged no personal involvement of any City official or policy maker.

Presently, Plaintiff has asserted no facts to support a Monell claim in this matter. In *De Lourdes Torres v Jones*, 26 N.Y.3d 742 (N.Y. 2016), the court held "[P]laintiff can proceed to trial against the governmental defendants on her claims under 42 U.S.C. § 1983 only if the record discloses a triable issue of fact as to whether an official policy or custom of the City government itself caused the detectives to violate her constitutional rights. Under *Monell v New York City Dept. of Social Servs.* 436 U.S. 658, and its progeny, "[o]fficial municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law". *Connick v Thompson*, 563 U.S. 51, 61 [2011]; *Simpson v New York City Transit Authority*, 112 AD2d 89, 91, [1st Dept 1985], affd 66 NY2d 1010, 489 N.E.2d 1298, 499 N.Y.S.2d 396 [1985]).

Plaintiff has failed in every respect to demonstrate or even properly plead a Monell claim. Accordingly, claims against the City should be dismissed with prejudice.

## IV.   THERE IS NO CAUSE OF ACTION FOR NEGLIGENCE

"Finally, while New York does not recognize a cause of action for negligent police investigation, the probable cause presumption may be overcome based upon a showing that "the police deviated so egregiously from acceptable police activity as to demonstrate an intentional or reckless disregard for proper procedures". H*ernandez v State of New York*, 228 AD2d 902, 904 [1996]). Defendants submit that there has been absolutely no showing of any deviation from acceptable police activity. "[Law enforcement officers] have no duty to investigate an exculpatory statement of the accused, and their refusal to do so does not defeat probable cause." *De Santis v. City of New York*, 2011 WL 4005331, at 7 (S.D.N.Y. Aug. 29, 2011).

*The Negligent Training Claims Fail*

Claims for negligent hiring, training, retention and supervision fail where the individual officers were acting within the scope of their employment and authority. *Watson v. Strack*, 5 A.D.3d 1067, 1068 (4th Dep't 2004). Because the officers were acting within the scope of their employment, this claim fails. Additionally, plaintiff has failed to set forth any factual allegations in support of his allegation of negligent training. Moreover, the Complaint is silent as to any facts regarding officers' training, supervision or hiring. The record is devoid of any proof regarding same.

Accordingly, this wholly supported and improperly pled cause of action should be dismissed.

## V.   THERE IS NO CAUSE OF ACTION FOR TRESPASSING.

The undisputed facts are that the Officers involved were on Plaintiff's driveway and porch and never entered her home. In *Beganskas v. Town of Babylon,* Nos. 03-CV-287 (DLI) (JO), 04-CV-5693 (DLI) (JO), 2006 U.S. Dist. LEXIS 66938, 2006 WL 2689611, at *2 (E.D.N.Y. Sept. 16, 2006) the Court granted summary judgment for defendants on Fourth Amendment claim under Section 1983 finding that there was no Fourth Amendment search where County employee walked, among other places, up driveway to front door to enforce

provisions of Town Code. Moreover, several cases such as, *Knott v. Sullivan,* 418 F.3d 561, 573-74 (6th Cir. 2005) have affirmed summary judgment in favor of defendant officers in Section 1983 lawsuit holding that defendants' warrantless entry onto homeowner's driveway did not violate homeowner's Fourth Amendment rights. In *Rogers v. Vicuna,* 264 F.3d 1, 6 (1st Cir. 2001) the Court held that plaintiff did not have reasonable expectation of privacy in driveway); *Nasca v. County of Suffolk,* 2008 U.S. Dist. LEXIS 176, *22-23, 2008 WL 53247 (E.D.N.Y. Jan. 2, 2008).

Conduct occurring on Plaintiff's porch and driveway during an investigation does not constitute a Fourth Amendment violation and this cause of action should be dismissed.

### VI. THE SHOOTING WAS JUSTIFIED UNDER THE LAW.

Multiple Officers testified under oath that the Plaintiff's Boxer aggressively approached Investigator Wengert on an enclosed porch. Investigator Wengert fired his weapon from the porch after having no means to escape the dog's approach. In *Carroll v. County of Monroe,* 2012 U.S. Dist. LEXIS 32141, *14, (W.D.N.Y. Mar. 9, 2012) the Court cites following authoritative cases from various circuits: "Shooting of a dog not unreasonable where dog poses imminent or immediate threat; *Erwin v. Cnty of Manitowoc,* 872 F.2d 1292, 1299-1300 (7th Cir. 1989); *Esterson v. Broward Cnty. Sheriff's Dep't.,* 2010 U.S. Dist. LEXIS 117490, 2010 WL 4614725, *4 (S.D. Fla. 2010) (shooting of dog was reasonable where officer reasonably felt threatened); *Kincheloe v. Caudle,* 2009 U.S. Dist. LEXIS 96371, 2009 WL 3381047, *7 (W.D. Tex. 2009) (reasonable to shoot dog if dog poses imminent threat to officer safety); *Dziekan v. Gaynor,* 376 F. Supp. 2d 267, 271-72 (D. Conn. 2005); *Warboys v. Proulx,* 303 F. Supp. 2d 111, 118 (D. Conn. 2004) (shooting of dog was reasonable where dog approached officer quickly and could not be restrained by owner; "law [does] not require [officer] to wait until the approaching animal was within biting distance or was leaping at him before taking protective action").

Accordingly, there is no evidence in the record that Officer Wengert did not perceive an imminent threat from Plaintiff's unleashed and approaching dog.

## VII. PLAINTIFF'S DUE PROCESS CLAIMS ARE WITHOUT MERIT.

Plaintiff was arraigned and pled to an adjournment in contemplation of dismissal. There is absolutely no evidence that she was denied any right to due process. With respect to her dog, for reasons articulated above, the seizure of her animal was lawful in light of the harm it posed to Investigator Wengert and other Officers on scene.

Plaintiff's due process claims lack merit.

## VIII. THE DEFENDANT OFFICER IS ENTITLED TO QUALIFIED IMMUNITY.

To establish qualified immunity, the Defendants must demonstrate either that their conduct did not violate any of the plaintiff's clearly established rights that would have been known to a reasonable person, or that it was objectively reasonable for them to believe that their actions did not violate any of those clearly established rights. *Anderson, supra, Malley v. Briggs, 475 U.S. 335; Robison v. Via*, 821 F.2d.913 (2d Cir.1987). Even if the Plaintiff's rights were clearly established at the time of the alleged violation, an Officer may nonetheless enjoy qualified immunity if it was objectively reasonable for him to believe that his actions did not violate those rights. *Robison v. Via*, 821 F.2d 921 (2d Cir.1987). **Officers may avail themselves of qualified immunity if officers of reasonable competence could disagree on the legality of his actions. Actions are objectively unreasonable when no officer of reasonable competence could have made the same choice in similar circumstances.** *Malley, supra.* (Emphasis added).

Three Officers were present on the scene and saw Plaintiff's dog rush up the front porch stairway towards Investigator Wengert. All Officers agreed that Investigator Wengert had no choice in defending himself against the dog, and he was never reprimanded regarding the shooting. Plaintiff did not deny that the dog was unleashed and in fact approached the area where Officer Wengert was located. The dog was between 70-100 pounds. It cannot be said that the Officer's fear of imminent danger from a large, barking dog aggressively approaching him was unreasonable from an objective officer's viewpoint.

## CONCLUSION

**WHEREFORE**, it is respectfully requested that Defendants' motion for summary judgment be granted, together with such other and further relief as the Court deems just and proper, including awarding to the City Defendant the costs and disbursements of this proceeding.

DATED: January 30, 2017

                              **BRIAN F. CURRAN**
                              **CORPORATION COUNSEL**

                              s/Spencer L. Ash
                              _____
                              Spencer L. Ash, Esq., of counsel
                              Attorneys for Defendants
                              30 Church Street, Room 400A City Hall
                              Rochester, NY   14614
                              Telephone: (585) 428-6699

To:    E. ROBERT FUSSELL ESQ.
        46 Wolcott Street, Suite One
        LeRoy New York 14482