UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TINA CABISCA

                **Plaintiff,**

                                      **DEFENDANTS' OPPOSITION TO CROSS-MOTION**

        **-vs-**

                                      **Civil Action No. 14-CV-6485**

**CITY OF ROCHESTER, NEW YORK**
**DARYL HOGG, JAYSON PRINZI, NOLAN WENGERT,**
**CARRIE BERKSTRESSER, and**
**K. TURNER**

                **Defendants.**
_____

    SPENCER L. ASH, ESQ., an attorney duly admitted to practice before the courts of the State of New York, hereby makes the following statements under penalty of perjury:

1. As an initial matter Plaintiff's Cross-Motion is untimely. The current Scheduling Order requires all dispositive motions to be filed by January 30, 2017. Defendants object to any consideration of Plaintiff's motion filed late without good cause or justification. See Docket #14.

2. Additionally, the Plaintiff's untimely cross-motion is little more than a reflexive measure that has no independent merit. The motion does little more than create delay by forestalling summary proceedings in this matter.

3. Having reviewed Plaintiff's motion, nothing contained in same raises issues of fact with respect to Defendant's right to investigate a potential burglary by approaching the Plaintiff's doorway and driveway. Plaintiff's dogs were unleashed and approached the subject officers. The shot dog approached Investigator Wengert aggressively, and in response to her dog being killed, Plaintiff was observed by several officers being verbally abusive and shoving a police officer.

4. Moreover, Plaintiff has produced no evidence as to a favorable disposition of her charges of Harassment 2nd for physical contact with a Police Officer. However, the ultimate

resolution of her criminal case, in light of overwhelming evidence of probable cause in the record, is irrelevant.

**Cross Motion #1 - #7**

5. Plaintiff alleges that Wengert did not spot a burglary suspect named Tyrone William, but instead spotted a man named Tyrone Flowers. That fact is not material. It is undisputed that Wengert spotted an individual pushing two bicycles near Plaintiff's home and had reasonable suspicion that the bicycles were stolen. He accordingly was within his right to go to Plaintiff's home to investigate. Defense Exhibit B pgs. 8-9.

6. Whether Wengert was mistaken about the identity of suspect is irrelevant. He spotted a man pushing two bicycles down the street, which is indicative of theft according to Wengert's training, experience and knowledge. Again, Officers were within their right to investigate.

7. Mr. Fussell attempts to vindicate the rights of Tyrone Flowers, who has neither joined this suit nor filed any actions against the City of Rochester related to his encounter with police on the day in question.

8. Mr. Fussell's allegations of racial profiling, and second-guessing of the investigation into the potential bicycle theft, is nothing more than speculation and has no support in the record.

**Cross Motion #8**

9. Interestingly, Mr. Fussell never called Mr. Flowers as a witness at deposition. Moreover, he was not properly disclosed as a witness pursuant to FRCP Rule 26. However, Defendants have produced statements of several officers which clearly indicated the Boxer approached Wengert aggressively. It is undisputed that the dog was found near the bottom of the front porch stairs, near Wengert's location at the time of the shooting, and was unleashed. Defense Exhibit D, pg. 24:16-17, 37:13-16, Defense Exhibit E, pgs. 45:8-25, 46:1-25, 47:18-23.

**Cross Motion #9**

10. This assertion is immaterial. It is undisputed that several officers were on scene and witnessed this incident in real time.

**Cross Motion #10**

11. Plaintiffs admittedly has no evidence is support of this contention.

**Cross Motion #11**

12. Whether Wengert ran up the stairs to avoid the dog(s) or was confronted by the Boxer as he remained on the porch is immaterial. The evidence in the record clearly shows that Wengert was confronted by an unleashed, 70-80 pound dog, which he and other officers considered aggressive. The location of the dog's body near front steps is undisputed and even the Plaintiff admits seeing police at the front of her home prior to exiting, and that the Boxer stepped out of the house, unleased, and went several feet ahead of her, which is where Wengert would have been. Defense Exhibit C, pg. 21:13-19, 24: 14-19.

13. Plaintiff concedes that Wengert was located on the porch with a flashlight at the time of the shooting. Defense Exhibit C, pg. 26:1-23.

14. Plaintiff let her dogs out of the house, unleashed, after acknowledging that police were present on her property. Defense Exhibit C, pg. 26:18-23.

**Cross Motion #12-#14**

15. These allegations are repetitive and have been addressed above.

**Cross Motion #15**

16. It is undisputed that at the time of the shooting, Wengert was on an enclosed porch and an unleashed, 70-80 pound dog was at the very least, at the bottom of the porch steps.

**Cross Motion #17**

17. Plaintiff's dispute of this fact is in stark contradiction to her own testimony.

Q:   "Let me ask you this: You said that when you were at your sink you saw flashlights, and prior to stepping out of your doorway and Bailey following you out, that you had peeked your head out and you saw police sirens?"

A:   "Right". Exhibit C, pg. 26:18-13.

**Cross Motion #18-23**

18. These assertion are not material.

**Cross Motion #24-#29**

19. These allegations have either been addressed above or not material.

**Cross Motion #30**

20. With respect to the general demeanor of the dogs, allegations concerning same are not material. A large, unleashed dog approached Wengert in an enclosed area in a manner that he and other officers deemed very threatening.

**Cross Motion #31-#33**

21. Plaintiff was told to move away from the shooting scene, which needed to be investigated and evidence preserved. She admitted to using abusive language, not moving as ordered, putting her hand up towards an Officer and trying to get away once she was told she was under arrest. Defense Ex. B, pgs. 75:7-25, 76:1-6, Defense Exhibit C, pgs. 35:3-15, 37:7-19, 38:8-11, 39:22-24, 40:18-22.

22. Plaintiff also plead guilty to Harassment Second. Plaintiff has produced no evidence to the contrary. The records are currently sealed in Rochester City Court. However, Plaintiff and/or her counsel should have ready access to a certificate of disposition showing her Harassment 2nd Charge.

**Cross Motion #34-#37**

23. Plaintiff was taken to the ground according to proper police procedures. Afterwards she was able to get up, tend to her dogs, care for her grandchildren, and coordinate with her neighbors and son. Ex. C, pg. 42:1-25, 53:13-25, 54:1-3, Defense Ex. E, pgs. 62-64.

24. She was also issued an appearance ticket when she should have been taken to jail, and refused ambulance treatment. Ex. C. pgs. 59-60.

25. All other assertions made by Plaintiff are immaterial.

**Cross Motion #38**

26. The need to secure the scene of a shooting is not only very evident, but previously addressed in this response.

**Cross Motion #39**

27. The allegations in this paragraph have already been addressed. Furthermore, the statements contained therein are little more than narrative and opinion.

**Cross Motion #40**

28. The fact that plaintiff may have been injured after she let her dogs loose on Officers, shoved an Officer, and refused lawful orders, is incidental to her lawful arrest. Neither her injuries nor the force used support an excessive force claim. Particular in light of the presence of multiple officers who deemed the force justifiable.

**Cross Motion #41-#43**

29. These assertions are little more than commentary. However, Plaintiff has yet to produce evidence that her Harassment 2nd Charge was dismissed.  Plaintiff's Affidavit is self-serving and without force.

30. The ultimate resolution of the criminal matter is irrelevant in light of facts supporting probable cause cited in Defendant's moving papers and reiterated herein.

*Cabisca Affidavit:*

Plaintiff's Affidavit is self-serving and does not constitute material evidence. Nothing in her Affidavit bears on the reasonableness of police conduct, which is determined pursuant to a reasonable police officer standard, and not the opinions and perspective of the plaintiff.

*Flowers Affidavit:*

31. Mr. Flowers was not disclosed as a witness pursuant to FRCP Rule 26.  Rule 37(c)(1) provides that any  "party that without substantial justification fails to disclose information required by Rule 26(a) … is not, unless such failure is harmless, permitted to use as evidence at a trial … any witness … not so disclosed." Fed. R. Civ. P. 37(c)(1).  *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. N.Y. 2006).  Therefore, his statements should not be used to create issues of fact for jury determination since his statements are inadmissible.

32. Mr. Flowers is being presented as a principal, eye-witness in this matter having not been previously disclosed. His testimony is against the weight of evidence in this case, and Mr. Fussell's failure to disclose him as pursuant to Rule 26 is unfairly prejudicial.

**IN FURTHER OPPOSITON TO PLAINTIFF'S CROSS-MOTION DEFENDANT INCORPORATES THE ARGUMENTS AND LAW ASSERTED IN DEFENDANTS' MOTION FOR SUMMARY JUDGMENT WHICH FULLY ADDRESS THE ALLEGATIONS SET FORTH IN PLAINTIFF'S CROSS-MOTION.**

**BRIAN F. CURRAN**
**CORPORATION COUNSEL**

s/Spencer L. Ash

Dated:  March 10, 2017
   Rochester, New York

Spencer L. Ash, Esq. *Of Counsel*
*Attorneys for Defendants*
Office and Post Office Address
City Hall Room 400A, 30 Church Street
Rochester, NY 14614-1295
Telephone: (585) 428-6699
ashs@cityofrochester.gov

TO:    E. Robert Fussell, Esq.
*Attorney for Plaintiff*
46 Wolcott Street, Suite One
Le Roy, NY 14482
(585) 768-2240