UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TINA CABISCA,
        Plaintiff,

v.

CITY OF ROCHESTER, et al.,
        Defendants.

DECISION AND ORDER
14-cv-6485



### Preliminary Statement

Currently pending before the Court is plaintiff Tina Cabisca's ("plaintiff") motion to reopen discovery and amend the complaint. Docket # 49. The defendants oppose the motion. Docket # 51. The Court heard oral argument on March 6, 2018 and ruled from the bench on most aspects of plaintiff's motion. This brief Decision and Order is intended to confirm that discovery is closed in this case.

### Relevant Factual Background

The Court has previously set forth the relevant facts of this litigation in a summary judgment decision and need not repeat them in detail here. See Cabisca v. City of Rochester, No. 14-CV-6485, 2017 WL 4221090 (W.D.N.Y. Sept. 21, 2017). Suffice it to say that the case centers on a September 7, 2013 encounter between plaintiff and members of the Rochester Police Department (the "defendants") in which plaintiff claims that the defendants shot her dog and then used excessive force in arresting her.

After several extensions, the Court directed that discovery was to be completed by May 20, 2016. Docket # 14. On June 1, 2017, during argument on the defendants' summary judgment motion, counsel for the defendants advised the Court and plaintiff that one of the defendants, Investigator Nolan Wengert, had passed away on April 9, 2017. Although a trial in this matter has been scheduled to commence later this summer, plaintiff now seeks to reopen discovery to allow her to investigate the cause of death of defendant Wengert. Plaintiff's counsel claims to have discovered information that leads him to suspect that Wengert might have died of a drug overdose. According to counsel, plaintiff wants "to conduct discovery into the mental and/or emotional state of Wengert, specifically conditions that may have contributed to the actions he committed against plaintiff and her dog." See Affirmation of E. Robert Fussell (Docket #49) at ¶ 2. Indeed, in a letter to defense counsel dated December 26, 2017, plaintiff's counsel apparently sought the consent of the defendants to reopen discovery in order "to learn about any possible drug use by Wengert *and* Hogg *and* Prinzi" because "I believe the behavior of those three defendants can be reasonably explained by their being high on drugs" on the date of plaintiff's arrest. See Exhibit "A" annexed to Fussell Affirmation (emphasis added).

## Discussion

A district court has "broad discretion to direct and manage the pre-trial discovery process." Wills v. Amerada Hess Corp., 379 F.3d 32, 41 (2d Cir. 2004). Under Federal Rule of Civil Procedure 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The party seeking to reopen discovery must demonstrate to the Court that good cause exists to do so. Costa v. Sears Home Improvement Prod., Inc., 178 F. Supp. 3d 108, 111 n.3 (W.D.N.Y. 2016) (citing Jacobs v. New York City Dep't of Educ., No. 11-CV-5058, 2015 WL 7568642, at *4 (E.D.N.Y. Nov. 24, 2015)); State Farm Mutual Automobile Ins. Co. v. Fayda, 14 Civ. 9792 (WHP)(JCF), 2015 WL 7871037, *2 (S.D.N.Y. Dec. 3, 2015); McKay v. Triborough Bridge & Tunnel Auth., No. 05 Civ. 8936, 2007 WL 3275918, at *1 (S.D.N.Y. Nov. 5, 2007).

The record before this Court pays tribute to the lack of good cause to reopen discovery. Plaintiff has submitted no credible evidence that would reasonably link Wengert's death in April 2017 to illicit drug use nearly four years earlier on the night of September 7, 2013. Counsel's insinuation that Wengert was a habitual drug user and under the influence of drugs on the night of September 7, 2013 is based on unsubstantiated conjecture and

3

speculation.[1] Moreover, plaintiff did not file the motion until January 9, 2018, despite learning of Investigator Wengert's death seven months earlier. Discovery in this case has long been closed and the matter has been scheduled for trial. "The discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest." Bd. v. Ace Masonry, Inc., No. 14-CV-6469, 2016 WL 1117605, at *2 (W.D.N.Y. Mar. 21, 2016) (quoting Am. Family Mut. Ins. Co. v. Roth, No. 05 C 3839, 2010 WL 3397362, at *2 (N.D. Ill. Aug. 25, 2010)). Plaintiff's application to reopen discovery at this late stage of the litigation is **denied**.

Two other matters that were discussed at the motion hearing are confirmed here. First, plaintiff sought leave of the Court to present various witnesses and documents at trial which plaintiff's counsel did not previously disclose to the defendants. Rule 37 of the Federal Rules of Civil Procedure prevents introduction of evidence that was not timely disclosed to the other side. Fed. R. Civ. P. 37(c)(1). Given that these witnesses and documents were not timely disclosed to the defendants, plaintiff may not introduce

---

[1] After the hearing on the motion, plaintiff's counsel submitted several letters to the Court in which he asserted that the fact that Investigator Wengert received an award from the Rochester Police Department is evidence that Wengert was an overzealous and lawless police officer and accordingly must have been a habitual drug user. The Court takes this opportunity to advise plaintiff's counsel that such "over the top" arguments are outside the appropriate boundaries of ethical advocacy and do not further his client's cause. At the very least, such arguments, if made without credible evidence to support them, will not be countenanced at the trial of this case and may expose counsel to sanctions.

4

them at trial. The Court will review each side's proposed witnesses at the final pretrial conference to ensure compliance with this Decision and Order.

Finally, plaintiff seeks leave to amend the complaint to add a sentence indicating that "[plaintiff] suffers an inability to work as quickly and competently as she did prior to the events of" September 7, 2013. See Ex. L annexed to Fussell Aff. (Docket # 49-13). Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff may prove the nature and extent of her damages at trial, including how her alleged injuries inhibit her present ability to work, without the necessity of amending her complaint. Accordingly, the motion to amend is **denied** as unnecessary.

## Conclusion

Based on the foregoing, plaintiff's motion to reopen discovery and amend the complaint (Docket # 49) is **denied.**

IT IS SO ORDERED.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: June 14, 2018
Rochester, New York