**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

TINA CABISCA,

    Plaintiff,      **DECISION & ORDER**
              14-CV-6485

  v.

CITY OF ROCHESTER,

    Defendant.
_____

  Familiarity with prior proceedings and oral arguments in this case is assumed for purposes of this Decision and Order. Suffice it to say, this civil rights action filed by Tina Cabisca ("plaintiff") alleges that members of the Rochester Police Department (the "defendants") shot and killed her dog and then used excessive force in arresting her. See Cabisca v. City of Rochester, No. 14-CV-6485, 2017 WL 4221090 (W.D.N.Y. Sept. 21, 2017).

  In April 2017, after the plaintiff's lawsuit was filed, one of the defendants, Rochester Police Investigator Nolan Wengert ("Wengert"), passed away. Since that time, the parties and this Court have been struggling to reach a determination as to whether plaintiff has timely substituted the proper party for defendant Wengert pursuant to Rule 25 of the Federal Rules of Civil Procedure.

  Federal Rule of Civil Procedure 25(a)(1) provides that

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). On June 19, 2018 the Court issued a Decision and Order (Docket #60) finding that (1) plaintiff's civil rights claims brought under 42 U.S.C. § 1983 against Officer Wengert "were not extinguished by his death" (id. at 3) and (2) the Suggestion of Death filed by defense counsel on March 7, 2018 was ineffective to start the 90-day clock under Rule 25 for two separate reasons. First, the Court found that the Notice was ineffective because it failed to identify a proper party for substitution. Second, the Court held that the Suggestion of Death was ineffective because it was never served on the non-party (Wengert's Estate or personal representative) pursuant to Rule 5 of the Federal Rules of Civil Procedure. Id. at 5-6.

Thereafter, defense counsel filed a motion essentially asking the Court to reconsider its ruling that the March 7, 2018 Suggestion of Death was ineffective and did not commence the 90-day clock for the filing of a motion for substitution. Relying on Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467 (2d Cir. 1998), defense counsel argues that the Second Circuit has not interpreted Rule 25 as requiring a Suggestion of Death to "identify the successor or legal representative; it merely requires that the

Statement of Death be served on the involved parties." Id. at 470. Defense counsel is correct. Pursuant to Unicorn Tales, the Suggestion of Death defense counsel filed on March 7, 2018 was sufficient to start the 90-day clock found in Rule 25. The Second Circuit has endorsed a flexible approach to interpreting Rule 25, particularly because there can be time delays between the date of a party's death and the probate court being in a position to appoint a representative under the law of the domicile of the deceased. Here, the Suggestion of Wengert's death was filed and served on plaintiff's counsel on March 7, 2018 and the 90-day clock began then.

However, on June 4, 2018, a date within the 90-day cut-off, plaintiff's counsel did file a motion to substitute. See Docket #56. Defense counsel opposed the motion because the plaintiff's substitution motion was never served on a representative of Wengert's estate. See Docket #58. In other words, defense counsel asserts that Rule 25 allows the Statement of Death to be effective despite not being served on a representative of the Estate but does not give the same flexibility to the Motion to Substitute -- even though the two pleadings must ordinarily be filed within 90-days of each other.

Given the flexible approach adopted by the Second Circuit in Unicorn Tales, supra, I am hesitant to hold that plaintiff's motion to substitute the representative of the Wengert Estate was

ineffective. In his motion to substitute, plaintiff's counsel noted that it was only on May 19, 2017 that the Monroe County Surrogate issued an Order saying Mary Rose and Earl Wengert would be issued letters testamentary. See Docket 56-1.

Moreover, the motion to substitute was served on defense counsel who will continue to serve as counsel for defendant Wengert as he was acting within the scope of his employment during the events alleged in plaintiff's complaint.

In any event, the Court may extend the time to substitute parties under Rule 25(a)(1). See Kernisant v. City of New York, 225 F.R.D. 422, 432 (E.D.N.Y. 2005) (granting motion to extend time under Rule 6(b) to file motion to substitute under Rule 25). Rule 6(b) provides, in pertinent part:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time (A) with or without motion or notice if the court acts. . . or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Thus, the court may grant an extension under Rule 6(b)(1)(B) where the party who failed to make a timely motion demonstrates excusable neglect. To demonstrate excusable neglect, "the moving party has the burden of showing (1) a reasonable basis for noncompliance within the time specified, and (2) good faith." Steward v. City of New York, No. 04-CV-1508 CBA RML, 2007 WL 2693667, at *5 (E.D.N.Y. Sept. 10, 2007). The question of what constitutes "excusable neglect" is "at bottom an equitable one, taking account

of all relevant circumstances surrounding the party's omission,' including prejudice to the other party, the reason for the delay, its duration, and whether the movant acted in good faith." Id. quoting Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd., 507 U.S. 380, 395 (1993). As the Supreme Court explained in Pioneer, excusable neglect under Rule 6(b) "is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. at 391-92.

Plaintiff's counsel filed a second motion to substitute Maryrose Wengert and Earl G. Wengert as co-executors for defendant Nolan Wengert pursuant to Rule 25 on October 6, 2018. See Docket #75. The motion was duly served on Maryrose and Earl Wengert on October 10, 2018. See Docket #79. Taking into account all the relevant circumstances, including the (1) lack of prejudice to the City of Rochester which was always going to represent and indemnify all of the defendants -- including Officer Wengert before he passed away and now his Estate -- for any and all damages that may be awarded the individual defendants; (2) the relatively brief delay in serving the co-executors with the motion to substitute and (3) the apparent good faith exhibited by plaintiff's counsel in trying to ascertain and serve the proper representatives of the estate, I find it equitable and just to extend the time for plaintiff to make the motion to substitute pursuant to Rule 25 to October 10,

2018, the date of service of the motion on Maryrose and Earl Wengert.

Further, the non-jury trial in this matter shall commence on February 4, 2019 at 9:30 a.m.  By separate letter, the Court will notify counsel of a date for the final pretrial conference.

**IT IS SO ORDERED.**


                                   __/s/ Jonathan W. Feldman_____
                                       JONATHAN W. FELDMAN
                                    United States Magistrate Judge

Dated:    December 18, 2018
          Rochester, New York